French, Appellant, *v.* Zoning Board of Adjustment.

Argued May 2, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

reargument refused November 2, 1962.

*I. I. Jamison,* with him *Walter W. Rabin,* and *Folz, Bard, Kamsler, Goodis & Greenfield,* for appellants.

*Joseph H. Lieberman,* for intervenors, appellees.

*Philip Shuchman,* for interested party, under Rule 65.

OPINION BY MR. JUSTICE O'BRIEN, October 5, 1962:

On August 10, 1933, the City of Philadelphia adopted a zoning ordinance and zoning map. A ten block area of the city, bounded on the south by Pine Street, on the west by 24th Street, on the north by Spruce Street and on the east by 21st Street, was zoned residential, that being the then character of the neighborhood, with the exception of six pieces of property which were zoned A-commercial. Each of these six pieces of property was being used for a commercial purpose at the time of the enactment of the ordinance. The largest of these six parcels is near the center of the ten block area and is situated on the northerly side of Panama Street, between 22nd and 23rd Streets. In August of 1933 and thereafter, the building involved was used as a garage for the storage of taxicabs.

On February 10, 1961, after application filed by the intervenors, the Zoning Administrator of the City of Philadelphia granted a permit for use of the premises as an A. and P. supermarket, a use permissible in an A-commercial district. The Center City Residents Association, Inc., appealed the administrator's action to the zoning board of adjustment. While the board had the matter under advisement, the appellants, nearby property owners, entered an appearance by counsel and

requested a rehearing. No rehearing was granted and the board sustained the action of the administrator, whereupon, appellants appealed to the court below. The intervenors were granted leave to intervene as defendants and the court below decided the matter in their favor, affirming the decision of the board and entering its order dismissing the appeal. It is from this order that the instant appeal is prosecuted.

Appellants contend that the designation of the aforementioned 6 pieces of property as separate A-commercial districts in 1933, constituted illegal spot zoning. They argue that these properties were and are properly nonconforming uses and, as such, cannot be changed from one nonconforming use to another. Therefore, they urge, when the property here in question ceased to be used as a garage, its status as a nonconforming use terminated and it must now be considered as residential property.

The Philadelphia Zoning Ordinance was enacted under the authority of the First Class City Zoning Enabling Act of 1929, May 6, P. L. 1551; 53 P.S. §14752 et seq. Sec. 3 of the said act, 53 P.S. §14754, requires that zoning regulations be made "in accordance with a comprehensive plan". Appellants contend that the designation of the subject premises as A-commercial was not in accordance with a comprehensive plan and, therefore, in violation of the act.

In *Best v. Zoning Board of Adjustment*, 393 Pa. 106, 110, 141 A. 2d 606 (1958) we said: "Zoning is the legislative division of a community into areas in each of which only certain designated uses of land are permitted so that the community may develop in an orderly manner, *in accordance with a comprehensive plan.*" (Emphasis supplied). We can conceive situations in which it might be wise to establish a commercial area within a residential area in order that valuable services might be readily available to the residents, and if

properly zoned that would be legal. Here, however, City Council simply froze the several small existing commercial uses, without any legal justification and designated them as distinct commercial districts. Such action constitutes spot zoning and cannot be sustained.

*Blanarik Appeal*, 375 Pa. 209, 100 A. 2d 58 (1953), is strikingly similar to the case at bar. In that case, the municipality enacted a zoning ordinance and map which created an "R-1" residential district. Within that district were seven small scattered areas designated as "commercial". Each of these seven areas contained, prior to the enactment of the ordinance, one commercial property. One of these properties was owned by Blanarik and was used for a grocery store. Blanarik applied for permission to enlarge his store, which was a "permitted" use in a commercial district. His application was rejected by the zoning board but the court of common pleas reversed, holding that he was entitled to the permit as a matter of right, *since he was in a commercial district*. We disagreed with the reason which the lower court gave for its decision and held (1) that the designation of these seven areas as commercial amounted to spot zoning and (2) that the lower court should have granted Blanarik's application for a permit to expand his store as a natural development of his nonconforming use.

This reasoning is directly applicable to the instant case. The property in question must be treated as containing a nonconforming use and not as an A-commercial parcel. It follows, therefore, that the court below erred in affirming the decision of the board and must be reversed.

Order reversed.