Trinity Evangelical Lutheran Church, Cloverly Heights Community Association et al. *v.* City Council of Harrisburg, Zoning Hearing Board of Harrisburg and Southland Corporation.

Argued March 3, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Rod J. Pera,* with him *McNees, Wallace & Nurick,* for Southland Corporation, appellant, and *Francis B. Haas, Jr.,* and *Edward Rothman,* City Solicitors, for the City Council and Zoning Hearing Board, appellants.

*Peter J. Ressler,* with him *Nabors & Ressler,* for appellees.

OPINION BY JUDGE WILKINSON, June 3, 1971:

The court below sustained an appeal from an ordinance of the City of Harrisburg which changed the zoning classification of a small parcel of real estate from residential-4 zone (R-4) to business local zone (B-L) and declared the ordinance invalid. We must reverse and uphold the ordinance.

In reversing the court below we find little with which to quarrel in the discussion of the principles of law here involved. However, we differ in their application to the facts here presented based on the evidence and finding in the record. As recognized in the opinion, the responsibility for zoning falls upon the governing body of the muncipality involved and not on the courts. *Cleaver v. Board of Adjustment,* 414 Pa. 367, 200 A. 2d 408 (1964). It is only in cases where it is obvious that the reclassification has no relationship to the legitimate objects of zoning that a court will interfere. *Gratton v. Conte,* 364 Pa. 578, 73 A. 2d 381 (1950). *If it is fairly debatable the ordinance must stand. Glorioso Appeal,* 413 Pa. 194, 196 A. 2d 668 (1964).

Although recognizing the above principles and citing those cases, the lower court held Ordinance No. 63 (1969) to be illegal "spot zoning". Again, the court below acknowledges that the size of the "spot" is not controlling. *Mulac Appeal*, 418 Pa. 207, 210 A. 2d 275 (1965).

The court below, in declaring the ordinance to constitute illegal spot zoning, felt impelled to do so on the basis of two findings of the Zoning Hearing Board:

"(24) The premises described in paragraph 3 hereof [the tract] are suitable for residential development within the prior Residential (R-4) Four Zone classification. The topography is good. There is sewer, water and accessibility available (N.T. 76).

"(25) The allowance of a 7-11 Store or any other business permissible under the Business Local Zoning would not be in conformity with the area which has been progressing in a residential manner. (N.T. 76)."

The court then stated: "These findings, which are binding on us (53 P.S. 11009), bring this case squarely within the prohibition of spot zoning and require us to declare the ordinance invalid." On the contrary, these two characteristics may be applicable to every B-L zoning location in Harrisburg. It is the purpose of such a zoning to provide services in the residential areas which frequently surround it and certainly border it. Indeed, the Zoning Hearing Board expressly so noted in its Finding of Fact No. 62: "62. Many zoning ordinances now provide for composite units consisting of residential areas supported by commercial areas within the residential area (N.T. 85, 86)."

In drawing the somewhat nebulous line between legal city planning and illegal spot zoning, the guiding hand is whether the action taken is in accord with a comprehensive plan or whether its action is inconsistent with a comprehensive plan. There can be little

doubt that this action is in accord with the original as well as the current comprehensive plan for zoning in Harrisburg. Indeed, this area was orginally zoned B-L. The findings of the Zoning Hearing Board on this point are as follows:

"52. The 1950 Zoning Ordinance of the City of Harrisburg, Ordinance 69, 1950-51 Session, is the basic zoning ordinance of Harrisburg (N.T. 80).

"53. Thus, from 1951 to 1959, all four corners of the intersection of Eighteenth and Hanover Streets (extending westerly to Seventeenth Street) were zoned Business Local (N.T. 71).

"54. In 1959, the easterly area of the intersection at Eighteenth and Hanover was rezoned R-4 residential and the Trinity Lutheran Church built on the northeast corner thereof (N.T. 72).

"55. In 1963, the westerly portion of Eighteenth and Hanover (being the area with which we are here involved) was rezoned to R-4."

Any possible doubt on whether this is consistent with the comprehensive plan for zoning in Harrisburg seems to be removed by Finding 70: "70. The Executive Director of the Harrisburg Housing Authority does not object to the rezoning of the area in question to Business Local (N.T. 17, 20)."

In brief, the record in this case certainly would have established a basis for the City Council to have rejected the ordinance, but it also contains more than ample evidence to support its action in adopting it. This, taken with the presumption in favor of the validity of the ordinance and the heavy burden on those who seek to overturn it, impels us to conclude that the legislative determination of the City Council to rezone the area here in question to its original designation of Business-Local must be approved.

Accordingly, the order of the court below is reversed.