## Clover Hill Farms, Inc. *v.* Lehigh Township Board of Supervisors and Lehigh Township Planning Commission.

Argued March 8, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*George A. Hahalis,* with him *Wallace C. Worth, Jr.,* for appellant.

*Donald B. Corriere,* with him *Haber and Corriere,* for appellees.

OPINION BY JUDGE BLATT, April 14, 1972:

The appellant, Clover Hill Farms, Inc., is the owner of a tract of land consisting of 160 acres, located in Lehigh Township, Northampton County, and acquired in 1965 for the sole purpose of development as a mobile home park. In 1965, the appellant expended approximately $3,000 in drawing up plans, making percolation tests, and digging three wells on the property. It also notified the Lehigh-Northampton Joint Planning Commission, a regional planning agency, of its plans for the tract and received advice as to the procedures to follow in order to obtain Commission approval. Financial difficulties were encountered, however, and the appellant had to suspend site development until 1970. When the appellant's project was begun in 1965 there was no zoning in Lehigh Township. In 1968, however, the Township Board of Supervisors adopted a compre-

hensive plan and zoning ordinance which placed the appellant's tract in an agricultural district, where mobile home parks were not permitted.

In December 1970, the appellant, having obtained sufficient financing to complete its projected mobile home park, and having also learned of the zoning ordinance, requested the Township Board of Supervisors to rezone the property so as to permit its use as originally planned by the appellant. This request was referred to the Township Planning Commission, which recommended against approval, and the appellant was thereafter notified by the Supervisors that they concurred with the Planning Commission and would neither rezone the property, nor hold a public hearing on the matter.

The refusal of the Supervisors to rezone was appealed to the Court of Common Pleas of Northampton County, and the Supervisors and the Planning Commission then obtained a rule to show cause why the appeal should not be quashed. After a hearing, the Court made the rule absolute and dismissed the appeal.

At no time did the appellant seek a building permit or a variance. It is the appellant's contention, however, that it had a vested right to use its property as a mobile home park because of the activities it began in 1965, three years prior to the passage of the zoning ordinance. This argument, however, seems clearly without merit. As Justice STEARNE said in *Dunlap Appeal,* 370 Pa. 31, 33, 87 A. 2d 299, 301 (1952) : "(A) vested right to build *in futuro* a structure which violates a zoning ordinance can only be acquired by first securing a permit and thereafter expending substantial funds in reliance thereon." Here the appellant's expenditure of $3,000 on activities which were not unique to mobile home parks, and could even have been applicable to permitted uses, was clearly not sufficient to

establish a pre-existing usage as a mobile home park. Moreover, the appellant's claim that the 1968 zoning ordinance was invalid as being special legislation of a discriminatory character seems likewise without merit. *Commercial Properties, Inc. v. Peternel,* 418 Pa. 304, 211 A. 2d 514 (1965); *Linda Development Corp. v. Plymouth Township,* 3 Pa. Commonwealth Ct. 334, 281 A. 2d 784 (1971). In these cases it was clear that the zoning ordinances constituted special legislation, enacted for the sole purpose of preventing the lawful use of the land by the respective parties. The appellant here has failed to present a single indication that the Lehigh Township ordinance was specifically directed against its property, or was meant in any manner to be discriminatory.

Further, an appeal to the courts regarding the failure of a legislative body to rezone certain property is not the proper manner which to raise the issue of vested rights, even if the issue were meritorious. As Section 601 of the Municipalities Planning Code[1] provides, the responsibility for enacting, or refusing to enact, zoning ordinances lies with the local legislative body: "The governing body of each municipality, in accordance with the conditions and procedures set forth in this act, *may* enact, amend and repeal zoning ordinances to implement comprehensive plans and to accomplish any of the purposes of this act." (Emphasis added) It may act, or not act, as it believes proper, and the courts will not compel action to rezone, for this clearly is not within the province of the courts: ". . . the responsibility for zoning falls upon the governing body of the municipality involved and not on the courts. Cleaver v. Board of Adjustment, 414 Pa. 367, 200 A. 2d 408 (1964)." *Trinity Evangelical Church v. City*

---

[1] Act of July 31, 1968, P. L.   , No. 247, Art. VI, §601, 53 P.S. §10601.

*Council of Harrisburg,* 2 Pa. Commonwealth Ct. 222, 223, 278 A. 2d 372, 373 (1971). "(Z)oning classifications are largely within the judgment of the legislative body and the exercise of that judgment will not be interfered with by the courts except in cases where it is obvious that the classification has no substantial relation to public health, safety, morals or general welfare." *Gratton v. Conte,* 364 Pa. 578, 584, 73 A. 2d 381, 385 (1950). The refusal of a legislative body to exercise its power to rezone is not subject to review by this or any other Court. "From a careful study of the cases, we must hold that property owners have no remedy, when a board of township commissioners refuses to rezone." *Slowick v. Board of Adjustment of Township of Nether Providence,* 45 Del. Co. L. J. 216 (1958). As this Court has noted previously, in *Levitt and Sons, Inc. v. Kane,* 4 Pa. Commonwealth Ct. 375, 389, 285 A. 2d 917, 924 (1972) : "We hold, therefore, that Section 801 [of the Municipalities Planning Code] does not authorize the appeal here taken from the action of the Board of Supervisors to the court below and that the Code provides as the exclusive procedure for one desiring to test the validity of zoning regulations restricting him from a desired use of his property to make application in the usual fashion, that is through the zoning hearing board and thence to the court." The lower court was correct in quashing this appeal.

By holding that an appeal from a municipal governing body's refusal to rezone is improper, we are not thereby depriving the appellant, or any other landowner claiming a vested right, of a forum in which to present any valid claim. The appellant might have chosen to apply for a building permit, and then, if refused, the appellant would have clearly had a right to appeal.

The appellant has argued that Lehigh Township's zoning ordinance frustrates the housing needs of the

area by not permitting the appellant to build a mobile home park on his property, although it does permit mobile homes in other parts of the Township. But this is a policy argument rather than a legal one and must be directed to the governing body which adopted the ordinance or to the electorate which chose the governing body, not to the courts. The remedy is legislative, not judicial.

The opinion and order of the lower court are affirmed.

Judge ROGERS concurs in result only.