Stephen L. Seeherman, Appellant *v.* Wilkes-Barre City Zoning Hearing Board and The City of Wilkes-Barre, Appellees.

Argued September 26, 1978, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS, BLATT, DISALLE and MACPHAIL. Judges MENCER and CRAIG did not participate.

*Stephen L. Seeherman,* appellant, for himself.

*John A. DiPietro,* with him *John A. Gallagher,* for appellee.

Opinion by Judge Crumlish, Jr., April 23, 1979:

The instant appeal arises from a challenge to the substantive validity of a zoning ordinance enacted by the Council of the City of Wilkes-Barre which effected a change in a zoning district boundary from R-3 (Multi-Family Residential) to C-1 (Commercial Office). We reverse and remand to the Common Pleas Court.

Sambourne Street ran in a northwardly direction from Sullivan Street, parallel to South Main Street on its east and South Franklin Street on its west. Both sides of South Main Street were zoned for commercial use. Homes fronted on both sides of Sambourne Street, but its easterly side was zoned for commercial use.

Residential properties fronting on South Franklin Street extended eastwardly, abutting the rear portions of the residential properties fronting on the westerly side of Sambourne Street. Stephen L. Seeherman, Appellant, is the owner as co-trustee of a South Franklin Street property adjacent to the rezoned area. He also held an easement which permitted him to use an eight-foot alley or private driveway giving him rear access to Sambourne Street.

In October of 1976, the Redevelopment Authority filed a declaration of taking and acquired approximately 40 parcels of land which included the land subject to the easement. It demolished the standing houses and applied to the Wilkes-Barre City Council for a zoning change. Appellant objected to the proposal and subsequently enacted rezoning of the westerly side of Sambourne Street as impermissible "spot zoning" before the Planning Commission of the City of Wilkes-Barre and the Wilkes-Barre City Council.

The Redevelopment Authority then conveyed the 40 parcels to a private developer, D & D Motors, Inc., which began constructing a shopping center thereon.

On October 26, 1976, Seeherman filed an application with the Wilkes-Barre City Zoning Hearing Board (ZHB), which is the Appellee, pursuant to Section 1005 of the Pennsylvania Municipalities Planning Code (MPC),[1] 53 P.S. §11005, again alleging spot zoning. ZHB held a public hearing on his application on November 18, 1976. Thereafter, Seeherman was notified by letter dated December 20, 1976, that ZHB had upheld the validity of the Ordinance and that his application had failed to comply with the applicable provisions of the MPC.

Seeherman appealed to the Court of Common Pleas[2] which, without hearing additional evidence, dismissed the appeal as procedurally defective, citing his failure to supply ZHB with "plans and other materials describing the use or development proposed by the landowner in lieu of the use or development permitted by the challenged ordinance or map" as required by Section 1004(2)(c) of the MPC, 53 P.S. §11004(2)(c).

On appeal, Seeherman argues that his application is governed by Section 1005 of the MPC, 53 P.S. §11005, and that the procedures for challenging the substantive validity of a zoning ordinance set forth in Section 1004, 53 P.S. §11004, are inapposite to the case at bar. We agree.

Section 1001, 53 P.S. §11001, expressly provides that the proceedings set forth in Article X of the MPC, 53 P.S. §11001 et seq., constitute the exclusive mode of obtaining review of a zoning ordinance or map. Article X establishes two broad categories of

[1] Section 1005 of the Pennsylvania Municipalities Planning Code, Act of June 1, 1972, P.L. 333, *as amended*, 53 P.S. §11005.

[2] The City of Wilkes-Barre filed a Notice of Intervention on February 8, 1972.

challenges to an ordinance's substantive validity in Sections 1004 and 1005 of the MPC.

Section 1004, 53 P.S. §11004, allows challenges to the validity of an ordinance or map by a landowner upon whose land a development or use is *prohibited* or *restricted*. Only when one is challenging a zoning restriction, do the requirements of Section 1004(2)(c), cited by the court below, come into play. Attacks on an ordinance or map because it *permits* a certain use are not justiciable under Section 1004.

Even assuming, as Appellee's brief contends, that Appellant retains a proprietary interest in the Sambourne Street properties which has not been extinguished by the eminent domain proceeding, Appellant still would not be able to invoke Section 1004 since he is arguing in favor of the former, less restrictive zoning classification.

Substantive challenges by persons aggrieved by a use or development permitted by an ordinance or map on the land of another are governed by Section 1005. Appellant's status as a landowner, by virtue of his legal ownership of a neighboring property, is not an impediment to his standing to challenge but rather qualified him as a "person aggrieved" within the intendment of the MPC.[3] *See Mont-Bux, Inc. v. McKinstry*, 27 Pa. Commonwealth Ct. 194, 365 A.2d 1329 (1976); *Pollock v. Zoning Board of Adjustment*, 20 Pa. Commonwealth Ct. 641, 342 A.2d 815 (1975); *Raum v. Board of Supervisors of Tredyffrin Township*, 20 Pa. Commonwealth Ct. 426, 342 A.2d 450 (1975). *See also Rauch v. Schuylkill Township (No. 1)*, 22 Chester 55 (1973).

[3] We do not here imply that a showing of ownership of a neighboring property is *necessary* to establish one as a "person aggrieved." *See* our discussion of the definition of "persons aggrieved" in *Raum v. Board of Supervisors of Tredyffrin Township*, 20 Pa. Commonwealth Ct. 426, 342 A.2d 450 (1975).

The court's imposition of the requirements of Section 1004(2)(c) was error and we reverse its dismissal of Seeherman's challenge.

May we now, as a matter of law, rule on the record before us that the challenged ordinance is or is not impermissible spot zoning?[4] The record is sparse: ZHB made no findings as required by Section 910, 53 P.S. §10910, and the court below never reached the merits of the appeal.

The issue of "spot zoning" demands two separate inquiries: was differential treatment afforded this area and, if so, is the differential treatment justified? We must consider, among other factors, the area's physical attributes, topography and size, the economic feasibility of a particular use, planning factors, and determine whether the rezoning is a part of a plan which will produce non-discriminatory zoning when fully implemented. *See Schubach v. Silver,* 461 Pa. 366, 336 A.2d 328 (1975); *Pollock v. Zoning Board of Adjustment, supra. See also Ryan, Pennsylvania Zoning Law and Practice,* §3.4.11, p. 82 (1970).

Absent any evidence to support a finding of these factors, we must remand to the court below for a hearing and consideration of the merits of Seeherman's challenge.

Accordingly, we

ORDER

AND Now, this 23rd day of April, 1979, the order of the Court of Common Pleas of Luzerne County in the above captioned case dated March 31, 1977, is hereby

---

[4] Where the court below has received no additional evidence, our review is limited to a determination of whether the Board abused its discretion, committed an error of law, or made findings not supported by substantial evidence in the record. *Berger v. Board of Supervisors of Whitpain Township,* 31 Pa. Commonwealth Ct. 386, 376 A.2d 296 (1977).

reversed and the record is remanded to the court so that a record which comports with the requirements of the Municipalities Planning Code can be made and for consideration of the merits of Stephen L. Seeherman's appeal.