Michael Phillips, Appellant *v.* The Board of Commissioners of Hanover Township, Appellee.

Argued March 6, 1981, before Judges ROGERS, MACPHAIL and PALLADINO, sitting as a panel of three.

*Elliot B. Edley*, for appellant.

*John L. McDonald*, for appellee.

OPINION BY JUDGE ROGERS, April 2, 1981:

Michael Phillips has appealed from an order of the Court of Common Pleas of Luzerne County upholding the action of the Board of Commissioners of Hanover Township refusing to rezone Phillips' parcel of land.

Phillips wrote to the Board of Commissioners as follows:

Gentlemen:

I am requesting a rezoning of the property located on the San Souci Highway, which was recently purchased from Mark Realty.

I am requesting it to be changed from residential C-1 Commercial. I would appreciate

it if this can be enacted upon as soon as possible for I wish to make use of it in the near future.

The Commissioners conducted a hearing, after which they refused Phillips' request. Phillips appealed and the Court below conducted a hearing and received evidence, which on the part of Phillips consisted of his description of other commercial activities in the vicinity of his land, of an expression of his desire to conduct one or more of a number of commercial uses on his tract and of the testimony of a real estate expert to the effect that development in the vicinity of Phillips' tract causes Phillips to suffer economic detriment by reason of the residential zoning of his tract.

We need not reach the merits of this appeal. The general rule is that "the refusal to rezone by a municipal governing body is not subject to review by this or any other court." *Warren v. Supervisors of McKean Township*, 17 Pa. Commonwealth Ct. 421, 423, 333 A.2d 237, 238 (1975); *Clover Hill Farms, Inc. v. Lehigh Township Board of Supervisors*, 5 Pa. Commonwealth Ct. 239, 289 A.2d 778 (1972). Section 1004 of the Pennsylvania Municipalities Planning Code, 53 P.S. §11004 permits a landowner to suggest to the governing body a curative amendment as part of a substantive challenge to the validity of a zoning provision; but Phillips doesn't contend that this ordinance must be amended because it is substantively invalid. Indeed, his evidence does not rise to a showing of the unnecessary hardship required to support a variance, had he applied for such *to the zoning hearing board* as allowed by Section 912 of the Code, 53 P.S. §10912.

The general rule of the nonreviewability of mere requests for rezoning is applicable and the court below properly refused to disturb the Commissioners' action.

Order affirmed.

ORDER

AND Now, this 2nd day of April, 1981, the decision of the Court of Common Pleas of Luzerne County shall be and the same hereby is affirmed.

Judge WILKINSON did not participate in the decision of this case.