# East Lampeter Township v. County of Lancaster

C.P. of Lancaster County, no. 5178-1996.

*Elizabeth A. Hambrick-Stowe,* for plaintiff.
*Christina L. Hausner, Michael Jay Minney* and *Gerald S. Robinson,* for defendants.

ALLISON, *J.,* January 11, 1999—This matter is before the court on cross-motions for summary judgment filed by plaintiff East Lampeter Township and by defendants Lancaster County Human Relations Commission and Albert C. Hondares. East Lampeter Township has challenged the validity of Lancaster County ordinance no. 30[1] and regulation 4.9 of the rules and regulations promulgated by the Lancaster County Human Relations Commission. The township seeks declaratory relief through a determination that LCHRC lacks jurisdiction and permanent injunctive relief prohibiting LCHRC from proceeding under the authority of ordinance no. 30 and regulation 4.9 with respect to a complaint filed by Albert C. Hondares with LCHRC. Mr. Hondares' complaint is based upon his allegation that East Lampeter Township's denial of his 1992 petition to rezone amounted to "unfair zoning" and constituted discrimination in the area of housing/public accommodation based on his national origin.

In 1986, Mr. Hondares acquired two tracts of land in East Lampeter Township, each tract being separately described although conveyed on one deed. The two tracts are contiguous, with the front tract located at the intersection of Beechdale Road and Route 340. At the time the tracts were purchased by Mr. Hondares, both were zoned commercial. During his ownership, Mr. Hondares has utilized the front tract for a retail store. Through a comprehensive rezoning of the entire municipality in May 1990,[2] the rear tract, then vacant,

---

1. Ordinance no. 30 was adopted pursuant to the Pennsylvania Human Relations Act of October 27, 1955, P.L. 744, no. 222, §1, as amended, 43 P.S. §951 et seq.

2. The revised zoning ordinance was adopted pursuant to the authority and procedures set forth in the Pennsylvania Municipalities Planning Code, Act of July 3, 1968, P.L. 805, no. 247, as amended, 53 P.S. §10101 et seq.

was rezoned to rural. Sometime between the adoption of the revised zoning ordinance in May 1990 and the filing of the petition to rezone in September 1992, Mr. Hondares applied for, and received, a permit to place a single-family dwelling on the rear tract, a permitted use in the rural district.

Mr. Hondares' petition to rezone was brought to the township supervisors pursuant to sections 10609 and 10909.1(b)(5) of the MPC. Mr. Hondares petitioned to have the zoning of the rear tract changed from R (rural) to C-1 (commercial). The petition to rezone was denied by the township. Mr. Hondares did not file a substantive validity challenge to the township's revised zoning ordinance, nor did he institute curative amendment proceedings. Furthermore, Mr. Hondares has not applied for, or been denied, any permits or approvals from the township in connection with any commercial use of the rear tract, nor has Mr. Hondares been cited for any violation of township ordinances with respect to the current residential use of the rear tract.

As stated previously, the township has challenged the validity of Lancaster County ordinance no. 30 and regulation 4.9 of the rules and regulations promulgated by LCHRC. Ordinance no. 30 was adopted by the Lancaster County commissioners in an effort to foster the cause of civil rights protected by state and federal law, and provided for the establishment of the Lancaster County Human Relations Commission with appropriate enforcement powers under the exclusive jurisdiction of the County of Lancaster. Specifically, regulation 4.9 provides:

"(b) Activity by such governmental unit of the County of Lancaster which is prohibited when based upon a person or person's protected class includes: . . .

"(2) An action taken by a governmental unit of the County of Lancaster. Prohibited actions include the con-

sideration of the protected class of a person in the development or application of zoning and building codes, occupancy requirements, land use plans, comprehensive plans or long-range plans."

In support of its position, plaintiff first argues that under the doctrine of separation of powers, the legislative action of the township in refusing to adopt Mr. Hondares' petition to rezone is not subject to quasi-judicial review by a local administrative body such as the LCHRC. See *Sharp v. Zoning Hearing Board of the Township of Radnor,* 157 Pa. Commw. 50, 57, 628 A.2d 1223, 1226 (1993), *alloc. denied,* 536 Pa. 629, 637 A.2d 290 (1993) (stating that commissioners' legislative process and decision to grant or deny a petition for rezoning is not subject to direct judicial review). The Commonwealth Court has stated that under the MPC, a landowner may request that the governing body of his municipality change its zoning ordinance to allow a certain use, "and the governing body, as a legislative prerogative, *may* grant [the] request." *In re Appeal of Merlino,* 19 Pa. Commw. 143, 146, 339 A.2d 642 (1975). (emphasis added) Specifically, the MPC provides that "[t]he governing body of each municipality, in accordance with the conditions and procedures set forth in this act, *may* enact, amend and repeal zoning ordinances." 53 P.S. §10601. (emphasis added) Plaintiff contends that the General Assembly intended that there would be no appeal from the act of adopting or denying a zoning ordinance amendment. In fact, under section 10909.1(b)(5) of the MPC, action by the governing body on proposed zoning amendments is expressly declared to be a legislative act: the governing body shall have *exclusive jurisdiction* to hear and render final adjudications in "[a]ll petitions for amendments to land use ordinances, pursuant to the procedures set

forth in section 609. Any action on such petitions shall be deemed *legislative acts . . . .*" 53 P.S. §10909.1(b)(5). (emphasis added)

Additionally, plaintiff cites *Clover Hill Farms Inc. v. Lehigh Township Board of Supervisors,* 5 Pa. Commw. 239, 242-43, 289 A.2d 778, 781 (1972), in which the appellant was planning to build a mobile home upon land it owned in a township which had no zoning. *Id.* at 240. Before the project got underway, a comprehensive zoning plan was adopted in the township which placed the appellant's land in an agricultural district. *Id.* at 240-41. Appellant requested that the township board of supervisors rezone his property; the request was denied. *Id.* at 241. The refusal was appealed to the court of common pleas, who dismissed the appeal. *Id.* In affirming the lower court, the Commonwealth Court concluded: "The refusal of a legislative body to exercise its power to rezone is not subject to review by this or any other court. 'From a careful study of the cases, we must hold that property owners have no remedy, when a body of township commissioners refuses to rezone.' " *Id.* at 243. The *Clover Hill* court further stated that a refusal to rezone does not mean that a landowner is out of remedies; rather, the landowner may, for example, request a variance, and if unsuccessful, take an appeal to the court, or may lodge a substantive validity challenge with a request for a curative amendment of the ordinance. Plaintiff East Lampeter Township argues that either of these avenues would have been the appropriate action for Mr. Hondares to take to contest the denial of his petition to rezone.

To the contrary, defendants argue that the LCHRC is vested with the authority to review and determine claims such as that filed by defendant Hondares, irrespective of the fact that defendant is a municipality,

and that the doctrine of separation of powers does not contemplate total separation of the three branches of government. See *Grant v. GAF Corporation,* 415 Pa. Super. 137, 162-63, 608 A.2d 1047, 1060 (1992), *aff'd,* 536 Pa. 429, 639 A.2d 1170 (1994) (stating that an administrative body may be vested with the authority to carry out administrative duties without violating the separation of powers doctrine). Defendants contend that as courts, for example, have recognized that the Pennsylvania Human Relations Commission has the authority to order schools to be integrated and to correct de facto segregation, notwithstanding the provisions of the Public School Code, so also the LCHRC in the instant case has the authority to act, notwithstanding the provisions of the MPC. Moreover, defendants argue that only granting a remedy of money damages for any discrimination which the LCHRC may find would not constitute the nullification of the legislative act of denying the petition to rezone. Mr. Hondares has never had his claim of discrimination reviewed; the alleged discrimination claim before the LCHRC is separate from the rezoning issue before the township, and can be isolated from the petition to rezone heard by the township.

After a careful review of the opposing positions, this court finds that to allow Mr. Hondares' action to proceed before the LCHRC would be an undue intrusion into the legislative functions of the elected municipal officials. Mr. Hondares seeks the assistance of the executive branch, acting in a quasi-judicial capacity, to overturn what he claims was a discriminatory legislative act. While Mr. Hondares has several avenues along which to challenge the zoning of his property, quasi-judicial review is not one of them. See 53 P.S. §11001-A. Pennsylvania law does not permit a landowner to elect

to have such a review undertaken by a county human relations commission. See 53 P.S. §11001-A ("The procedures set forth in this article shall constitute the exclusive mode for securing review of any decision rendered pursuant to article IX or deemed to have been made under this act."). Regardless of the relief Mr. Hondares is seeking, the integrity of the legislative function of the township supervisors is threatened by LCHRC action.

Finally, while Mr. Hondares wants the township's decision on his petition to rezone to be investigated, he has not taken the appropriate procedural steps under the MPC to place the denial of his petition in a proper position for judicial review to see whether it would stand or fall on its own terms. See *Appeal of Apgar from Board of Commissioners of Manheim Township,* 661 A.2d 445, 448 (Pa. Commw. 1995). This court believes that under the separation of powers doctrine, the MPC is clear in stating that the action taken by the township supervisors on the petition to rezone was a legislative act, and as such cannot be reviewed by the LCHRC. Because this court finds no genuine issue of material fact, plaintiff is entitled to summary judgment as a matter of law. Pa.R.C.P. 1035.1.

Accordingly, we enter the following:

## ORDER

And now, January 11, 1999, after reviewing the cross-motions for summary judgment and the response thereto, the court enters the following order:

(1) The motion for summary judgment of defendants Albert C. Hondares and Lancaster County Human Relations Commission is denied.

(2) The motion for summary judgment of plaintiff East Lampeter Township is granted. The court declares regulation 4.9 to be invalid as applied to actions rendered under the Municipalities Planning Code. The proceedings in the Lancaster County Human Relations Commission on the complaint of Albert C. Hondares, no. 90-1993, are permanently enjoined. The commission is directed to dismiss Mr. Hondares' complaint for lack of jurisdiction.