The Board of Supervisors of Ferguson Township, Appellant, *v.* Jack Strouse, Appellee.

Argued September 10, 1974, before Judges KRAMER, MENCER and BLATT, sitting as a panel of three.

*Benjamin Novak,* with him *William H. Simmet* and *Novak & Donovan,* for appellant.

*Reed McCormick,* with him *Dunaway, Weyandt & McCormick,* for appellee.

OPINION BY JUDGE MENCER, November 18, 1974:

This is an appeal by the Board of Supervisors of Ferguson Township (Township) from an order of the Court of Common Pleas of Centre County dismissing its preliminary objections to an appeal by Jack Strouse (Strouse) from the Township's denial of his rezoning request.[1]

---

[1] Although orders dismissing preliminary objections are generally interlocutory and therefore unappealable, this is not the case where, as here, the preliminary objections question the jurisdiction of the lower court. *Allegheny Contracting Industries, Inc. v. Flaherty,* 6 Pa. Commonwealth Ct. 164, 293 A. 2d 639 (1972).

Strouse is the owner of land located in Ferguson Township outside the Borough of State College in Centre County. His land is presently zoned "R-2, Low Density Residence District," which permits single-family detached houses, single-family semidetached houses, essential services, and agricultural uses. In August of 1972, Strouse began to seek rezoning of approximately twelve acres of his land to permit the construction of a neighborhood shopping center, to be zoned "C-1, General Commercial District," and garden-type apartments, duplexes, and multi-dwellings, to be zoned "R-3, Medium Density Residential District." After several meetings with regional and township officers,[2] Strouse's request for rezoning was denied by the Township on September 11, 1973.

It is the Township's position that a refusal of a municipal governing body to rezone is not subject to judicial review; consequently, the lower court did not have jurisdiction to hear Strouse's appeal and should have sustained the Township's preliminary objections and quashed the appeal. We agree and therefore reverse.

In *Clover Hill Farms, Inc. v. Lehigh Township Board of Supervisors,* 5 Pa. Commonwealth Ct. 239, 289 A. 2d 778 (1972), we held that the refusal of a municipal governing body to rezone is not subject to review by this or any other court. Since our holding in the above case, the Pennsylvania Municipalities Planning Code[3] has been amended so that in certain situations a land-owner who, on substantive grounds, desires to *challenge the validity* of a zoning ordinance may submit his challenge directly to the governing body with a subsequent right of appeal to the local court of common pleas.

---

[2] The Ferguson Township Planning Commission approved Strouse's request for rezoning.

[3] Act of July 31, 1968, P. L. 805, *as amended,* 53 P.S. §10101 et seq.

The section implementing this change in procedure is Section 1004, 53 P.S. §11004, which reads in pertinent part as follows:

"(1) A landowner who, on substantive grounds, desires to *challenge the validity of an ordinance* or map or any provision thereof which prohibits or restricts the use or development of land in which he has an interest shall submit the challenge either:

"(a) To the zoning hearing board for a report thereon under section 910 [53 P.S. §10910] or 913.1 [53 P.S. §10913.1]; or

"(b) *To the governing body together with a request for a curative amendment under section 609.1* [53 P.S. §10609.1].

"(2) The submissions referred to in subsection (1) shall be governed by the following:

"(a) The landowner shall make a written request to the board or governing body that it hold a hearing on his challenge. The request shall contain a short statement reasonably informing the board or the governing body of the matters that are in issue and *the grounds for the challenge.*

"(b) The request may be submitted at any time after the ordinance or map takes effect but if an application for a permit or approval is denied thereunder, the request shall be made not later than the time provided for appeal from the denial thereof. In such case, if the landowner elects to make the request to the governing body and the request is timely, the time within which he may seek review of the denial of the permit or approval on other issues shall not begin to run until the request to the governing body is finally disposed of.

"(c) The request shall be accompanied by plans and other materials describing the use or development proposed by the landowner in lieu of the use or development permitted by the challenged ordinance or map. Such plans and other materials shall not be required to

meet the standards prescribed for preliminary, tentative or final approval or for the issuance of a permit so long as they provide reasonable notice of the proposed use or development and a sufficient basis for evaluating the challenged ordinance or map in the light thereof. Nothing contained herein shall preclude the landowner from first seeking a final permit or approval before submitting his challenge to the board or governing body.

"(d) If the submission is made to the governing body under subsection (1)(b), *the request shall be accompanied by an amendment or amendments to the ordinance proposed by the landowner to cure the alleged defects therein.*

. . . .

"(3) After submitting his challenge to the board or governing body as provided in subsections (1) and (2) of this section, the landowner may appeal to court by filing same within thirty days (i) after notice of the report of the board is issued, or (ii) after the governing body has denied the landowner's request for a curative amendment as provided in subsection (4)." (Emphasis added.)

Our careful reading of Section 1004 convinces us that this appeal procedure is not available to Strouse. The language of this section makes it clear that it applies only when a zoning ordinance is *challenged as invalid.* Strouse, according to the record before us, has never challenged the validity of the Township's present zoning ordinance. Since Strouse's request for rezoning is not based on the invalidity of the present zoning ordinance, Section 1004 does not afford him the right of appeal from the Township's refusal to rezone. This case must, therefore, fall under our holding in *Clover Hill Farms, supra.*

Accordingly, we issue the following

## ORDER

AND Now, this 18th day of November, 1974, the order of the Court of Common Pleas of Centre County is reversed, the preliminary objections filed by the Board of Supervisors of Ferguson Township to the appeal of Jack Strouse are sustained, and the appeal of Jack Strouse is hereby dismissed.