James L. Warren and Lois Warren, a/k/a Lois L. Warren, Appellants, v. Michael Ferrick, Richard East and Neal Williams, Supervisors of McKean Township, Erie County, Pennsylvania, Appellees.

Argued November 8, 1974, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Gerald A. McNelis, Jr.,* with him *Dennis V. Williams,* and *McNelis, Lucht, & Kinter,* for appellants.

*James E. Marsh, Sr.,* with him *James E. Marsh, Jr.,* and *Marsh, Spaeder, Baur, Spaeder & Schaaf,* for appellees.

OPINION BY JUDGE KRAMER, February 13, 1975:

This is an appeal by James L. Warren and Lois Warren (hereinafter collectively referred to as Warren) from an order of the Court of Common Pleas of Erie County, which dismissed an appeal by Warren from an adjudication of the Supervisors of McKean Township (Supervisors), Erie County, denying Warren's application for rezoning.[1]

Warren is the resident and owner of a tract of land located in McKean Township (Township). In November of 1971, Warren filed an application for rezoning. On December 16, 1971, a hearing was held before the Township Planning and Zoning Commission and on December 28, 1971, the Commission recommended that the application for rezoning be denied. On February 15, 1972, a hearing was held before the Supervisors concerning Warren's application for rezoning, and on March 10, 1972, the application was denied. Warren appealed to the lower court and in an order filed October 13, 1972, that court ordered the Supervisors to take additional testimony and receive additional evidence upon which findings of fact and conclusions of law were to be made. A public hearing

---

1. There is no reference to any statutory authority for the application in the proceedings before either the Supervisors or the court below.

was held by the Supervisors on November 30, 1972, and on January 3, 1973, the Supervisors filed an adjudication which again denied Warren's application for rezoning. On December 11, 1973, the lower court filed an opinion and order which dismissed Warren's appeal. Warren now appeals to this Court.

We need not consider this case at great length because it falls squarely within our decisions in previous cases. In *Levitt and Sons, Inc. v. Kane,* 4 Pa. Commonwealth Ct. 375, 285 A.2d 917 (1972), we noted that Article X of the Pennsylvania Municipalities Planning Code (MPC)[2], as it was then in force, provided no right of appeal from a decision of anybody except a zoning hearing board. In *Clover Hill Farms, Inc. v. Lehigh Township Board of Supervisors,* 5 Pa. Commonwealth Ct. 239, 289 A.2d 778 (1972), we held that the refusal to rezone by a municipal governing body is not subject to review by this or any other court. In *Board of Supervisors of Ferguson Township v. Strouse,* 16 Pa. Commonwealth Ct. 143, 328 A.2d 177 (1974), we affirmed our holding in *Clover Hill Farms, supra,* but noted that in 1972 the MPC was amended so that thereafter, in certain situations, a landowner who desires to challenge the validity of a zoning ordinance on substantive grounds, may submit his challenge directly to the governing body with a subsequent right of appeal to the local court of common pleas. Cf. *Ellick v. Board of Supervisors of Worcester Township,* — Pa. Commonwealth Ct. —, 333 A.2d 239, (1975). We also noted, however, that the appeal procedure set forth in section 1004 of the MPC, 53 P.S. §11004, is applicable only when a zoning ordinance is challenged as invalid.

In the instant case, Warren's application for rezoning predated the enactment of the 1972 amendments to the

---

2. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10101 et seq. The Act of June 1, 1972, P.L. —, No 93 (effective August 1, 1972), repealed Article X of the original MPC and amended the MPC by adding a new Article X.

Code, and involved no challenge to the validity of the ordinance. The cases cited above are controlling and we hold that the lower court had no jurisdiction over this case. The lower court dismissed Warren's appeal on the merits of the case. We affirm the order of the lower court dismissing Warren's appeal but for the reason that the court had no jurisdiction to entertain the appeal.