The Board of Commissioners of McCandless Township, Appellant, *v.* Beho Development Company, Inc., Albert Singer and Ernest G. Roessler, Appellees.

Argued January 8, 1975, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*James W. Dunn, Jr.,* for appellants.

*Robert L. Frantz,* with him *R. A. King,* and *Buchanan, Ingersoll, Rodewald, Kyle & Buerger,* for appellees.

Opinion by Judge Kramer, February 20, 1975:

This is an appeal by the Board of Commissioners of McCandless Township (Commissioners) from an order by the Court of Common Pleas of Allegheny County, dated March 1, 1974, which ordered the Commissioners to change the zoning classification of a 6.7 acre tract of land owned by Albert Singer (Singer) and Ernest Roessler (Roessler), from R-2 Residential to R-3 Residential.

The record in this case indicates that at some time prior to January 16, 1973 Beho Development Company (Beho) entered into a purchase agreement, conditional upon a change in zoning classification, with the owners of the subject property. Beho desires to build a 66-

unit townhouse condominium on the property. On January 16, 1973, Beho sent a letter requesting rezoning to the Commissioners, which reads as follows:

"Dear Sir:

"Attached are check for $25.00, survey and description of property. Be Ho Development Co. is requesting for a zoning change from R2 to R3.

"We would appreciate your consideration for this piece of land since the feasibility for residential homes is not practical.

"Thank you."

The Commissioners held a public hearing on March 26, 1973 concerning Beho's request for rezoning and eventually denied the requested rezoning by a 5 to 2 vote at a regular meeting on May 29, 1973. Beho, Singer and Roessler filed an appeal from the Commissioners' decision to the court below on June 25, 1973. In their appeal Beho, Singer and Roessler alleged that they had "made an application for a curative amendment" which was denied by the Commissioners. On October 16, 1973 the Commissioners filed an answer which denied that an application for a curative amendment had been made, and asserted that the action taken by Beho was "a simple application for a zoning change." The Commissioners, therefore, requested that the appeal be dismissed. The case was heard and argued before the lower court on January 24, 1974, and the court, on March 1, 1974, denied the Commissioners' motion to dismiss the complaint and ordered the subject property to be rezoned. The Commissioners appealed to this Court on March 29, 1974, and on April 4, 1974 the lower court filed an opinion in support of its order.

In its opinion the lower court concluded that the procedural requirements pertaining to curative amendments which are set forth in Section 1004 of the Pennsylvania Municipalities Planning Code (MPC), Act of

July 31, 1968, P. L. 805, *as amended*, 53 P.S. §11004, had been satisfied by Beho. In their appeal to this Court the Commissioners contend that the lower court erred in deciding that the procedural requirements of the MPC had been satisfied and that the lower court should have dismissed the appeal. We agree and, therefore, need not consider the merits of this case.

We recognize that the 1972 amendments[1] to the MPC have created a great deal of confusion in the field of zoning law. We hope, however, that our recent opinions dealing with the MPC will succeed in resolving some of the questions arising under the 1972 amendments. *See Hess v. Upper Oxford Township.*        Pa. Commonwealth Ct.    , 332 A. 2d 836 (1975); *Ellick v. Board of Supervisors of Worcester Township,*        Pa. Commonwealth Ct.    , 333 A. 2d 239 (1975); *Warren v. Ferrick,*        Pa. Commonwealth Ct.    , 333 A. 2d 237 (1975); *Robin Corporation v. Board of Supervisors of Lower Paxton Township,*        Pa. Commonwealth Ct.    , 332 A. 2d 848 (1975).

The basic issue presented in this case is whether the letter quoted above constitutes a "challenge to the validity of an ordinance" pursuant to Section 1004 of the MPC, 53 P.S. §11004. The lower court decided that the above-quoted letter did constitute such a "challenge." We hold that the lower court erred, and that the letter was merely a request for rezoning. In *Warren, supra,* we noted that the refusal of a municipal governing body to rezone is not subject to review by this or any other court. We also noted, however, that pursuant to Section 1004(1)(b) of the MPC, 53 P.S. §11004(1)(b), a landowner, who desires to challenge the validity of an ordinance on substantive grounds, may submit his challenge directly to the governing body with a subsequent right of appeal to the local court of common pleas.

---

[1] *See* Act of June 1, 1972, P. L.    , No. 93.

A request for rezoning calls upon a local governing body, acting in its legislative role, to consider whether or not rezoning is in the best interest of the community. A "challenge" pursuant to Section 1004(1)(b), 53 P.S. §11004(1)(b), on the other hand, requires the governing body to act, in effect, as a quasi-judicial body and consider the legal merits of the challenge to the validity of the ordinance. *See Ellick, supra.*

The instant case shows that there is some possibility of confusion between these two diverse functions (legislative and quasi-judicial) of the local governing body. The record in this case clearly shows that the Commissioners believed that they were dealing with a simple request for rezoning. There is no reference in the record to a "challenge," a request for curative amendment, or Section 1004 of the MPC, until the notice of appeal to the lower court. At that time, the above-quoted letter of January 16, 1973 was alleged to be a challenge pursuant to Section 1004 of the MPC, 53 P.S. §11004.

The facts of this case point out the necessity for strict compliance with all the procedural requirements found in Sections 1004 and 609.1 of the MPC, 53 P.S. §§11004 and 10609.1, so that local governing bodies can distinguish between requests for rezoning and challenges to the validity of ordinances. In the instant case, Beho did not notify the Commissioners that it was challenging the validity of the ordinance, and it did not request a hearing on its challenge and proposed curative amendment. *See* Sections 609.1 and 1004(2)(a), 53 P.S. §§10609.1 and 11004(2)(a). Nor did Beho submit a curative amendment as required by Section 1004(2)(d) of the MPC, 53 P.S. §11004(2)(d).[2] The

---

[2] The clear intent of Section 1004(2)(d) is that the curative amendment should be a separate and distinct document which should "accompany" the request for a hearing. The record in this case is not clear as to when Beho submitted its proposed plans to the Commissioners, but we note that Section 1004(2)(c) of the MPC, 53 P.S.

above-quoted letter of January 16, 1973 is nothing more than a request for rezoning, and the record shows that the Commissioners treated it as such. Since there is no right of appeal from a denial of a request for rezoning, the lower court should have granted the Commissioners' motion to dismiss.

There is yet another reason why the lower court should have granted the motion to dismiss. In *Robin, supra,* we analyzed the effect of the new Article 10 of the MPC on the traditional law of variances. We concluded there that the traditional law of variances remains unchanged and that variance claims and Section 1004 substantive challenges are mutually exclusive remedies. If a landowner believes that a zoning ordinance is unreasonable as it is applied to his property, and that the ordinance inflicts unnecessary hardship upon him, then he may request a variance from the zoning hearing board; but he may not proceed on the basis of a variance claim, with a challenge pursuant to Section 1004 of the MPC, 53 P.S. §11004. This is true even in cases such as this, where it is alleged that the unnecessary hardship inflicted by the ordinance amounts to a "taking" or "confiscation."[3] Beho's contention in this case is that the topography of the subject property makes the building of residential homes unfeasible and that, therefore, the present zoning of the property inflicts unnecessary hardship and amounts to "confiscation" of the property. This is a typical variance claim and may only be raised in a request for a variance from the zoning hearing board. It may not be raised as a "challenge to the validity of an ordinance or map" pursuant to Section 1004. The granting of variances is ex-

---

§11004(2)(c) requires that the proposed plans accompany the request for a hearing.

[3] *See* Ryan, *Pennsylvania Zoning Law and Practice* (1972), §9.4.6.

clusively a function of the zoning hearing board. *See* Section 1006(1)(d) of the MPC, 53 P.S. §11006(1)(d). We noted in *Robin, supra,* that the intended function of the zoning hearing boards would be greatly derogated if variance claims are permitted as challenges under Section 1004 of the MPC, and that a great burden would be placed on local governing bodies if they are forced to hear variance claims. Proper procedure requires that the type of claim involved in this case be brought as a request for a variance pursuant to Section 912 of the MPC, 53 P.S. §10912, rather than as a "challenge" pursuant to Section 1004 of the MPC, 53 P.S. §11004. *See Robin, supra.*

We note, however, that in addition to its traditional variance claim, Beho, in its appeal to the lower court, alleges that the zoning ordinance involved is invalid because of improper exclusionary zoning. The record indicates that this issue was never raised in the proceedings before the Commissioners and, therefore, was improperly raised in the appeal. The lower court disposed of the case through the application of traditional variance law and quite properly did not deal with the exclusionary zoning claim. We note, however, that if Beho wishes to pursue its exclusionary zoning argument, it may properly do so as a "challenge" pursuant to Section 1004 of the MPC, 53 P.S. §11004, provided, of course, that Beho strictly complies with all the procedural requirements involved in such a challenge.

As noted above, the lower court in this case ordered the Township to rezone the property involved. This was error. The enactment and amendment of zoning ordinances is a purely legislative function which the courts have no power to review. A court may, of course, grant affirmative relief in the event of a successful challenge pursuant to Section 1004 of the MPC, 53 P.S. §11004, by ordering that the challenger's proposed plans be ap-

proved, but a court may not order property rezoned or a curative amendment adopted.  *See Ellick, supra.*

In summary, we hold that Beho failed to comply with the procedural requirements of Section 1004 of the MPC, 53 P.S. §11004 and that the lower court erred when it failed to grant the Commissioners' motion to dismiss.  We therefore sustain the Commissioners' appeal and reverse the order of the lower court.