Greensburg Planning Commission, an Agency of The City of Greensburg, and The City of Greensburg, A Municipal Corporation, Appellants, *v.* Cabin Hill, Inc., Appellee.

Argued May 7, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Joseph B. Mitinger,* City Solicitor, for appellants.

*Irving L. Bloom,* with him *John F. Dent,* and *Dent & Bloom,* for appellees.

OPINION BY JUDGE ROGERS, May 28, 1975:

The appellee, Cabin Hill, Inc., requested the Planning Commission to recommend and the Council of the City of Greensburg, Westmoreland County, to effect the rezoning of six acres of the appellee's land from residential to commercial. The Planning Commission recommended that the proposed rezoning be denied and Council accepted this recommendation. Cabin Hill, Inc. appealed to the Court of Common Pleas of Westmoreland County. The lower court took extensive additional testimony, viewed the property and reversed the City Council's action. The City of Greensburg has appealed.

The law of the case is clear. Pennsylvania courts have no power to entertain appeals from the denial by governing bodies of applications having as their sole purpose that of accomplishing amendments to zoning regulations. "Where a landowner follows this course of action the matter is strictly a legislative process, and, . . . the courts have no power to interfere. . . ." *In Re: Appeal of Frank Merlino from Plains Township Board of Commissioners to Amend Zoning Ordinance,* 19 Pa. Commonwealth Ct. 143, 146, 339 A.2d 642, 644 (1975). This was the law prior to the enactment of the 1972 amendments to the Pennsylvania Municipalities Planning Code,[1] *Clover Hill Farms, Inc. v. Lehigh Township Board of Supervisors,*

---

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10101 et seq.

5 Pa. Commonwealth Ct. 239, 289 A.2d 778 (1972), and we have repeatedly held that those amendments effected no change in the rule.[2] *See In Re: Appeal of Frank Merlino, supra; Warren v. Ferrick,* 17 Pa. Commonwealth Ct. 421, 333 A.2d 237 (1975); *Board of Commissioners of McCandless Township v. Beho Development Company, Inc.,* 16 Pa. Commonwealth Ct. 448, 332 A.2d 848 (1975); *Board of Supervisors of Ferguson Township v. Strouse,* 16 Pa. Commonwealth Ct. 143, 328 A.2d 177 (1974). The matter has been fully explored in the cases cited, which seem, unfortunately, not yet to have become generally known to the bar.

Order reversed.

---

2. If Cabin Hill, Inc. had sought to challenge the zoning ordinance on substantive grounds and if it had initiated such a challenge before the Council in the manner prescribed by Section 1004, 53 P.S. §11004, of the Pennsylvania Municipalities Planning Code, the lower court would have had jurisdiction to hear an appeal from Council's action. *See Ellick v. Board of Supervisors of Worcester Township,* 17 Pa. Commonwealth Ct. 404, 333 A.2d 239 (1975); *Robin Corporation v. Board of Supervisors of Lower Paxton Township,* 17 Pa. Commonwealth Ct. 386, 332 A.2d 841 (1975).