Opinion by
Judge Mencer
This is an appeal by Shuttle Development Corporation (Shuttle) from an order of the Court of Common Pleas of Montgomery County affirming a decision of the Upper Dublin Township Board of Commissioners (Board) which denied Shuttle’s application for rezoning and refused to adopt Shuttle’s proposed curative amend *514 ment to the Upper Dublin Township (Township) Zoning Ordinance.
On January 22, 1973, Shuttle submitted an application to the Board requesting that the Board hold a public hearing to consider an amendment to the township zoning ordinance which would rezone Shuttle’s land, consisting of approximately 16.7 acres, to permit the construction of a high-rise apartment development.[1] Shuttle’s application was presented on. alternate grounds. The first was a request for rezoning “pursuant to the provisions to amend a zoning ordinance contained in Section 609 [53 P.S. §10609] of the Pennsylvania Municipalities Planning Code [M. P. C.], as amended.”[2]
The second basis for Shuttle’s application for rezoning was “[a] challenge on substantive grounds to the validity of the present zoning classification and zoning map, pursuant to provisions of Section 609.1 [53 P. S. §10609.1] of the Pennsylvania Municipalities Planning Code [M. P. C.], as amended, . . . .”[3] Shuttle submitted a curative amendment and plans for his proposed development with his application as required by Section 1004.
Unfortunately, our careful reading of Shuttle’s application and the transcript of the hearing on the application *515 before the Board compels the conclusion that this is yet another zoning case in which the proper procedure under the M. P. C. was not followed. We, therefore, affirm the lower court’s order without reaching the merits of this case.
The present case is controlled by our recent decisions in Board of Commissioners of McCandless Township v. Beho Development Co., Inc., 16 Pa. Commonwealth Ct. 448, 332 A. 2d 848 (1975) and Robin Corporation v. Board of Supervisors of Lower Paxton Township, 17 Pa. Commonwealth Ct. 386, 332 A.2d 841 (1975). In both these cases we stated that applications for variances and applications for curative amendments under Section 1004 are mutually exclusive, and that, if a landowner believes that a zoning ordinance is unreasonable as it is applied to his property and the ordinance inflicts unnecessary hardships upon him, then he may request a variance from the local zoning hearing board; but he may not proceed on the basis of a variance claim with a challenge pursuant to Section 1004. This is exactly what Shuttle did in the present case.
It could not be more clear, both from Shuttle’s application and the testimony presented at the hearing before the Board, that Shuttle was attempting to use the procedures available under Section 1004 for the purpose of asserting what was essentially a claim for a variance.[4] Proper procedure requires that such a claim be brought as a request for a variance pursuant to Section 912 of the M. P. C., 53 P. S. §10912, rather than as a request for a curative amendment pursuant to Section 1004. Beho, supra.
We note that, as in Beho, Shuttle, in addition to its traditional variance claim, alleged in its appeal to the *516 lower court that the Township’s zoning ordinance was invalid because of improper exclusionary zoning. Although this is the type of claim which is properly brought under Section 1004, we must conclude, as we did in Beho, that since this claim was not raised in Shuttle’s application or in the proceedings before the board, it was improperly raised in Shuttle’s appeal to the lower court.
In closing, we feel compelled to reiterate that Section 1004 is the proper section for a landowner to use when the validity of an entire zoning ordinance is challenged, such as in the case of an allegation of exclusionary zoning. A request for a variance pursuant to Section 912 is proper whenever a landowner desires to challenge the zoning of his particular tract through a claim which, if established on the record, would warrant the granting of a variance. Robin, supra.
Order affirmed.
Judge Crumlish, Jr. concurred in the result.

. At the time of the application, approximately two acres of Shuttle’s land was zoned CR Commercial, while the remainder was zoned A-Residential. High-rise apartments were not permitted uses in A-Residential districts.

. This section sets forth the procedure to be followed by the governing body for the enactment of zoning ordinance amendments. The Board’s denial of Shuttle’s request for rezoning under this section was not appealable since Shuttle’s request did not involve a challenge to the validity of a zoning ordinance. See Warren v. Ferrick, 17 Pa. Commonwealth Ct. 421, 333 A. 2d 237 (1975), and Board of Supervisors of Ferguson Township v. Strouse, 16 Pa. Commonwealth Ct. 143, 328 A. 2d 177 (1974).

. Section 609.1 sets forth the procedure to be used following requests for curative amendments under Section 1004 of the M.P.C., Act of July 31, 1968, P. L. 805, as amended, 53 P.S. §11004.

. Indeed, although the word “variance” was not used in Shuttle’s application or at the hearing, Shuttle’s brief before this Court asserts that it was entitled to a change in zoning on traditional variance grounds.