Dublin Properties, a Limited Partnership, Appellant, *v.* The Board of Commissioners of Upper Dublin Township, Appellee.

Argued May 7, 1975, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Marvin Allanoff,* for appellant.

*Raymond Jenkins,* with him *Mabel D. Sellers,* and *Jenkins & Acton, P.C.,* for appellee.

OPINION BY JUDGE KRAMER, August 7, 1975:

This is an appeal by Dublin Properties, a limited partnership, (Dublin) from an order of the Court of Common Pleas of Montgomery County. The Court affirmed a decision of the Board of Commissioners of Upper Dublin Township which had rejected a challenge to the validity of the Township's zoning ordinance and a request for a curative amendment filed by Dublin under section 1004(1)(b) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53, P.S. §11004(1)(b). The issue in this case is whether the Township's zoning ordinance unconstitutionally fails to provide for townhouse usage. We conclude that the ordinance is unconstitutional and therefore reverse.

Dublin owns approximately 22 acres of land in an area of the Township zoned "A-Residential." Under this zoning classification, single-family dwellings are permitted on lots containing a minimum of 26,000 square feet. On February 14, 1974, Dublin filed its challenge to the validity of the Township's zoning ordinance.[1] The challenge alleged that the ordinance was unconstitutional because it did not provide for townhouse usage anywhere in the Township.[2] The challenge was accompanied by a

---

1. Prior to filing the challenge, Dublin had requested the Township Commissioners to rezone the land so as to permit apartment usage, but the request was denied. This request, however, has no bearing on the outcome of this case, because there is no appeal from a denial of a request to rezone. *Board of Commissioners of McCandless Township v. Beho Development Company, Inc.*, 16 Pa. Commonwealth Ct. 448, 332 A. 2d 848 (1975); *Warren v. Ferrick*, 17 Pa. Commonwealth Ct. 421, 333 A. 2d 237 (1975); and *Board of Supervisors of Ferguson Township v. Strouse*, 16 Pa. Commonwealth Ct. 143, 328 A. 2d 177 (1974).

2. This is a proper basis for a challenge pursuant to Section 1004 of the MPC. *See Shuttle Development Corporation v. The Township of Upper Dublin*, 19 Pa. Commonwealth Ct. 510, 338 A. 2d 777 (1975) and *Robin Corporation v. Board of Supervisors of Lower Paxton Township*, 17 Pa. Commonwealth Ct. 386, 332 A. 2d 841 (1975).

proposed curative amendment and by plans as required by section 1004 of the MPC. Dublin proposes to build 132 single-family, two-story, attached dwellings, at a density of six units per acre. These townhouses would be grouped in rows of three to ten units, and would be sold individually in fee simple for approximately $45,000 each. Dublin's plans provide for open areas and other supporting facilities separately held and maintained under a trust arrangement for the common usage and benefit of the individual owners.[3]

After proper publication, a hearing was held before the Board of Commissioners and, thereafter, the Board issued its decision denying Dublin's application. The matter was appealed to the court below, which did not receive any additional testimony or evidence. The court noted that the Township had permitted townhouses to be built in AH-Apartment House Districts, and, therefore, concluded that the Township did not exclude townhouses.

The Board did not make specific findings of fact and, therefore, we are required to review the decision of the lower court in order to determine if it abused its discretion or committed an error of law. *Ellick v. Board of Supervisors of Worcester Township*, 17 Pa. Commonwealth Ct. 404, 333 A. 2d 239 (1975). The lower court failed to set forth specific findings of fact and, therefore, in order to determine the factual basis for its decision, we have been forced to deduce findings from its opinion. Specific findings of fact, by either the Board or the lower court, would be quite helpful on appeal.

---

3. The fact that Dublin's proposed townhouses may be sold as condominiums has no bearing on this case. Zoning ordinances regulate usage and not method of ownership. If a use is permitted, a municipality may not regulate the manner of ownership of the legal estate. *Kaufman and Broad, Inc. v. Board of Supervisors of West Whiteland Township*, 20 Pa. Commonwealth Ct. 116, 340 A. 2d 909 (1975).

A zoning ordinance which prohibits townhouse development is unconstitutional. *Ellick, supra, Camp Hill Development Co., Inc. v. Zoning Board of Adjustment, Borough of Dauphin,* 13 Pa. Commonwealth Ct. 519, 319 A. 2d 197 (1974). The Township's ordinance is very similar to that involved in *Ellick, supra.* It defines "multiple dwelling" as follows:

> "A building not a single family dwelling nor a two-family dwelling, designed for and occupied exclusively for dwelling purposes by three or more families living independently of one another, *not a row house,* but customarily called as [sic] Apartment House." (Emphasis added.)

*Webster's Third New International Dictionary* (1971) defines "row house" as follows:

> "One of a series of houses connected to other houses by common sidewalls and forming a continuous group."

The type of house which is now commonly referred to as a "townhouse" is actually a row house, and *Camp Hill, supra,* held that this type of housing is entitled to the same protection as was afforded to apartments by our Supreme Court in *Girsh Appeal,* 437 Pa. 237, 263 A. 2d 395 (1970). Dublin's proposed "townhouse" development consists of clusters of "row houses" as defined above. The Township's ordinance does not provide for this type of development anywhere in the Township.[4] The facts of this case are almost identical to the facts

---

4. In this case, as well as in several other recent cases involving townhouses, the municipality involved has cited *Dunlap Appeal,* 370 Pa. 31, 87 A. 2d 299 (1952), for the proposition that a total prohibition of row houses is constitutional. *Dunlap* involved a rather extreme fact situation which can be easily distinguished from the instant case and, furthermore, we believe that it has been overruled, in effect, by the more recent zoning decisions of our Supreme Court. *See Beaver Gasoline Company v. Osborne Borough,* 445 Pa. 571, 285 A. 2d 501 (1971) and *Girsh, supra.*

of *Ellick, supra,* and that decision must control the result here.

Both the Board and the lower court emphasized the fact that the Township has permitted some townhouse development.[5] The fact that the Township has permitted townhouse development, however, does not cure the defect in the ordinance, *i.e.,* the failure to provide for townhouse development as a matter of right. This situation is similar to that found in *Girsh, supra,* where the Supreme Court held that the fact that the municipality had permitted apartments by way of variance did not cure the constitutional defect in the ordinance, *i.e.,* the failure to provide for apartment usage. In *Girsh,* the ordinance did not explicitly prohibit apartments. It merely failed to provide for them anywhere in the Township. The Supreme Court held that the failure to provide for apartments must be viewed as the equivalent of an explicit total prohibition of apartments. The ordinance in this case not only fails to provide for townhouses or row houses, it also explicitly excludes row houses from its definition of multiple dwelling. The result in this case must be the same as in *Girsh, supra.* The ordinance is unconstitutional because it fails to provide for townhouse usage and because the Township has not shown any relationship between the failure to provide for such usage and the protection of the public health, welfare and safety. *See Beaver Gasoline, supra,* and *Girsh, supra.*

The Township argues that a "row house" is different from a "townhouse." According to the Township, their ordinance was intended to prohibit "blocks upon blocks of row houses" such as are found in large cities, rather than townhouses. Although an intent to control density may be proper, the language used in this ordinance to

---

5. The record does not indicate whether the townhouses were permitted in violation of the prohibition against row houses or permitted by way of variance.

implement that intent bans all row housing rather than just congested row housing. In order to achieve the result it desires in a constitutional manner, the Township must provide for row houses or townhouse usage, and then regulate the density of such usage to avoid the problem of overcongestion.

The Planning Commission's report on Dublin's curative amendment "endorsed" its intent "to permit and control" townhouse development. The Township is apparently considering an amendment which will permit townhouses and thus cure the defect in the ordinance. Zoning amendments pending after the filing of a challenge, however, are not applicable to the challenging landowner's case. *Casey v. Zoning Hearing Board of Warwick Township,* Pa. 328 A. 2d 464 (1974).

In summary, we hold that the Township's ordinance is unconstitutional and that, therefore, Dublin's challenge must be sustained and Dublin must be permitted to proceed with its development subject to such reasonable zoning regulations as the lower court determines are applicable to this type of development. As a result of our holding we must reverse the order of the lower court and remand this matter to that court. Upon remand the court will not further review the curative amendment because it is no longer a viable issue. *Ellick, supra.* The only issue remaining is what "elements" of Dublin's plans are to be approved by the court or referred by it to the governing body for disposition, as is fully explained in *Ellick, supra,* and section 1011 of the MPC, 53 P.S. §11011. We therefore

ORDER

AND NOW, this 7th day of August, 1975, the order of the Court of Common Pleas of Montgomery County, dated November 8, 1974, in the above-captioned matter, is hereby reversed, and it is ordered that the entire matter

be remanded to the court below for disposition under the provisions of sections 1010 and 1011 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§11010, 11011, in a manner not inconsistent with the opinion set forth above.