Robert F. Guentter and D. Gehr Guentter, his wife; Aaron Diamond and Ester Diamond, his wife; Clinton Toewe and Carol Toewe, his wife, Appellants *v.* Borough of Lansdale, Montgomery County, Pennsylvania, Appellee.

Argued April 3, 1975, before President Judge BOW-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*Ronald E. Robinson,* for appellants.

*Robert J. Kerns,* with him *John E. Landis,* and *Landis, Williams and Kerns,* for appellee.

OPINION BY JUDGE BLATT, October 1, 1975:

Appellant landowners have taken this appeal from a decision of the Court of Common Pleas of Montgomery County which upheld the validity of a zoning ordinance enacted by the Borough of Lansdale (Borough).

These landowners all own lots within the Borough located along a 1000-foot strip fronting on the easterly side of North Broad Street between Seventh Street on the south and Hatfield Street at the Borough's northern boundary. That strip, as well as the adjacent property to the east of it is zoned Residential "A". All of the property fronting on the westerly side of North Broad Street, directly across the street from the 1000-foot strip, is zoned Professional Office "B", and all of the property fronting on North Broad Street to the south of the subject strip along the east and west sides of the street from Seventh Street down to Third Street in the Borough is also zoned as Professional Office "B".

The zoning ordinance permits the following uses in a Professional Office "B" district: business or professional offices or studios; banks or similar financial institutions; business or professional schools; hospitals, convalescent homes, nursing homes, homes for the aged or religious uses; apartments; homes; plus accessory uses. In the more restrictive Residential "A" district, on the other hand, only these uses are permitted: single-family dwellings; educational, religious, philanthropic or hospital uses, telephone central offices, utility office buildings or railway

passenger stations; plus various accessory uses including the office of a professional person who resides on the premises.

The appellants initiated these proceedings by submitting a petition to the Borough Council that the zoning of the 1000-foot strip be changed from Residential "A" to Professional Office "B".[1] Pursuant thereto a hearing was held before the Council on September 20, 1973, at which the appellants presented evidence as to their reasons for seeking a change of zoning. Essentially their position was that the location of the 1000-foot strip fronting along North Broad Street rendered that strip more suitable for zoning in conformity with the other properties on North Broad Street than in conformity with the residential area in back of it to the east. North Broad Street is apparently a heavily travelled street so that the resulting traffic, pedestrian dangers, unsightliness, noise and air pollution render it somewhat inappropriate, in the appellant's view, for residential use. In addition, there was some evidence that the value of the properties along the subject strip would rise if the rezon-

---

1. The refusal of a municipal governing body to rezone is not normally subject to review by this or any other court; but under the 1972 amendments to the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. 805, *as amended*, 53 P. S. §10101 et seq., a landowner who, on substantive grounds, desires to challenge the validity of a zoning ordinance may submit his challenge directly to the governing body with a subsequent right of appeal to the local Court of Common Pleas. *Board of Commissioners of McCandless Township v. Beho Development Company, Inc.*, 16 Pa. Commonwealth Ct. 448, 332 A.2d 848 (1975), *Board of Supervisors of Ferguson Township v. Strouse*, 16 Pa. Commonwealth Ct. 143, 328 A.2d 177 (1974). The appellants' petition here alleged that their properties had been "spot zoned" and that they had been "discriminated against" as a result of the Borough's zoning and the Borough has never raised the question of whether or not such a petition met the procedural requirements of Section 1004 of the MPC, 53 P. S. §11004. We shall treat it as having met those requirements.

ing were to be effectuated. It was also contended that North Broad Street was an especially desirable location for doctors' offices because of its proximity to the North Penn Hospital. A doctor's office may, of course, be maintained in a Residential "A" district but the accompanying residence requirement is one that many doctors are apparently unwilling to accept. Because a doctor is not required to reside on the same premises as his office in a Professional Office "B" district, however, property in that district on North Broad Street was said to be more marketable than in the strip presently zoned residential.

On the other hand, persuasive arguments were also advanced at the hearing in opposition to the proposed rezoning. Its disadvantages were best articulated in a report issued by the Montgomery County Planning Commission at the request of the Borough Council President. That report expressed concern that the so-called Elm Terrace neighborhood, a solidly residential community, immediately adjacent on the east of the 1000-foot strip, would be adversely affected by the proposed rezoning. This report particularly foresaw an increase in traffic through Elm Terrace, to be generated as a result of the rezoning proposal, and it also predicted drainage and parking difficulties. Moreover, the uses permitted in the Professional Office "B" district are, in many respects, incompatible with a residential neighborhood, and so the report consequently viewed the rezoning as an undesirable encroachment upon Elm Terrace. The report likewise noted that the zoning change contemplated the boundary line between zones to be drawn along sideyards rather than as presently drawn along North Broad Street. There are sound planning reasons, expressed in the report, for the structuring of zoning boundaries along public streets and alleys rather than along sideyard boundary lines.

On December 27, 1973, the Borough Council denied the landowners' petition for rezoning, and the lower court, without taking any additional evidence, held on appeal that the Council had not abused its discretion in so acting.

Our scope of review here is limited, of course, to a determination of whether or not the Board has committed an abuse of discretion or an error of law. *Clawson v. Harborcreek Zoning Hearing Board,* 9 Pa. Commonwealth Ct. 124, 304 A.2d 184 (1973).

The appellants' challenge to the Borough's zoning ordinance is first based on their assertion that, by refusing to rezone, the Borough is engaging in what they term as "reverse spot zoning." The following definition of spot zoning by our Supreme Court has recently been endorsed:

"It is well-settled that 'an ordinance cannot create an "island" of more or less restricted use within a district zoned for a different use or uses, where there are no differentiating relevant factors between the "island" and the district. . . .Thus, singling out of one lot or a small area for different treatment from that accorded to similar surrounding land indistinguishable from it in character, for the economic benefit of the owner or to his economic detriment, is invalid "spot" zoning.' 8 McQuillin, Municipal Corporations, §25.83, at 224-25 (3d ed. 1965). Accord e.g., Mulac Appeal, 418 Pa. 207, 210 A.2d 275 (1965)." *Schubach v. Silver,* Pa. , , 336 A.2d 328, 336 (1975) ; *Schubach v. Zoning Board of Adjustment,* 440 Pa. 249, 253-254, 270 A.2d 397, 399 (1970).

It must first be determined, therefore, whether or not the rezoned tract is being treated differently from similar surrounding land and then whether or not such differential treatment, if found, is justifiable. *Pollock v. Zoning Board of Adjustment,* 20 Pa. Commonwealth Ct. 641, 342 A.2d 815 (1975). In the present case, the 1000-foot strip, for which rezoning is sought, is not surrounded by land which is being treated differently. Rather it is bounded on the one side by a residential district and on the other side across North Broad Street by a professional office district. The Borough Council after consideration, has decided that the subject strip is more compatible with

the adjacent land to the east of it than across the street to the west. Certainly there was honest difference of opinion expressed at the hearing as to how the strip should be zoned and, sound policy might well have supported a decision either way. We cannot, therefore, disturb the legislative decision. It is well established that, if the validity of the legislation is fairly debatable, the legislative judgment must be allowed to control. *Trinity Evangelical Lutheran Church v. City Council of Harrisburg,* 2 Pa. Commonwealth Ct. 222, 278 A.2d 372 (1971).

We must similarly reject the appellants' other argument that the refusal to rezone was arbitrary, discriminatory and confiscatory. These very same arguments were rebuffed in *DiSanto v. Zoning Board of Adjustment,* 410 Pa. 331, 189 A.2d 135 (1963), where as here, landowners were complaining because their properties were located close to but not within the zoning district most desired by them. Our Supreme Court's remarks there are equally appropriate here: "The line of demarcation must be fixed somewhere. . . . To carry appellant's contention to its logical conclusion would lead to the encroachment upon and the complete destruction of the residential character of the other properties in the immediate area." 410 Pa. at 335, 189 A.2d at 137. If we were to hold that the zoning of appellants' strip as residential is arbitrary and unconstitutional merely because it is different from the zoning across the street, the same arguments should prevail in favor of landowners immediately adjacent to the subject strip on the east and so on ad infinitum.

Moreover, this is not a situation such as that in *Garbev Zoning Case,* 385 Pa. 328, 122 A.2d 682 (1956) where the property was virtually unusable as zoned. The property within the subject strip here could possibly be more lucratively employed if it were rezoned, but this is not the test of constitutionality. *DiSanto, supra.*

The order of the lower court is, therefore, affirmed.

CONCURRING OPINION BY JUDGE KRAMER:

I concur in the result reached by the majority but do not adhere to the scope of review utilized. It is not an abuse of discretion standard that controls, but rather a recognition that the refusal of a municipal governing body to rezone is not subject to review by this or any other court. We so held in *Clover. Hill Farms, Inc. v. Lehigh Township Board of Supervisors,* 5 Pa. Commonwealth Ct. 239, 289 A.2d 778 (1972) and we followed that holding in *Board of Supervisors of Ferguson Township v. Strouse,* 16 Pa. Commonwealth Ct. 143, 328 A.2d 177 (1974) and *Warren v. Ferrick,* 17 Pa. Commonwealth Ct. 421, 333 A.2d 237 (1975).

In *McCandless Township v. Beho Development Company,* 16 Pa Commonwealth Ct. 448, 332 A.2d 848 (1975), we stated that a request for rezoning calls upon a local governing body, acting in its legislative role, to consider whether or not rezoning is in the best interest of the community and that there is no right of appeal from a denial of such a request.

My careful review of this record reveals that the appellants presented to the Borough Council a petition restricted solely to a request for a change in the classification of their property. There is not the slightest mention, hint, or inference that the petition was *intended* to be a challenge under section 1004 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11004, and the appellants did not offer a proposed curative amendment or "plans and other materials" as required by that statute. *Kaufman and Broad, Inc. v. Board of Supervisors of West Whiteland Township,* 20 Pa. Commonwealth Ct. 116, 340 A.2d 909 (1975); *Penn Township Board of Supervisors v. DeRose,* 18 Pa. Commonwealth Ct. 626, 339 A.2d 859 (1975); *Ellick v. Board of Supervisors of Worcester Township,* 17 Pa. Commonwealth Ct. 404, 333 A.2d 239 (1975). By merely petitioning for a rezoning of their land,

the appellants did not avail themselves of any of the methods available for questioning the legality or constitutionality of a zoning ordinance.

As a result, neither this Court nor the lower court should have passed upon the merits of the case, and the result I would reach would not foreclose the appellants from challenging the ordinance in some proper manner.

Judge ROGERS joins in this concurring opinion.