John O'Malia and Lillian O'Malia, his wife *v.* Council of the Township of Wilkes-Barre, Sitting as the Zoning Hearing Board of Wilkes-Barre Township. Council of the Township of Wilkes-Barre, Appellant.

Argued April 7, 1978, before Judges WILKINSON, JR., BLATT and DiSALLE, sitting as a panel of three.

*Kenneth C. Marano,* with him *Chester B. Muroski,* for appellant.

*Stephen B. Killian,* for appellees.

OPINION BY JUDGE BLATT, October 12, 1978:

The Council of Wilkes-Barre Township, sitting as a zoning hearing board (Township), has appealed from an order of the Court of Common Pleas of Luzerne

County which reversed the Township's denial of a petition for rezoning brought by John and Lillian O'Malia (O'Malias).

The O'Malias are the owners of a tract of land containing approximately 1.3 acres on which they have constructed a commercial building. The tract was zoned "B-1" as a "Neighborhood Business District" which permitted such uses as professional offices, mortuaries, neighborhood retail stores and restaurants when the O'Malias petitioned the Township to rezone their property to "B-4" as a "General Business District," permitting a wider variety of business uses. After a hearing on this request, the Township denied the petition. An appeal from this denial was taken to the Court of Common Pleas of Luzerne County which decided the case on the basis of stipulated evidence and exhibits and held the petition for rezoning should be granted. The Township now appeals here.[1]

Our scope of review, when a lower court considered a zoning case upon facts as stipulated by the parties

---

[1] As noted by this Court in *Guentter v. Borough of Lansdale,* "[t]he refusal of a municipal governing body to rezone is not normally subject to review by this or any other court; but under the 1972 amendments to the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10101 et seq., a landowner who, on substantive grounds, desires to challenge the validity of a zoning ordinance may submit his challenge directly to the governing body with a subsequent right of appeal to the local Court of Common Pleas. Board of Commissioners of McCandless Township v. Beho Development Company, Inc., 16 Pa. Commonwealth Ct. 448, 332 A.2d 848 (1976), Board of Supervisors of Ferguson Township v. Strouse, 16 Pa. Commonwealth Ct. 143, 328 A. 2d 177 (1974). The appellants' petition here alleged that their properties had been 'spot zoned' and that they had been 'discriminated against' as a result of the Borough's zoning and the Borough has never raised the question of whether or not such a petition met the procedural requirements of Section 1004 of the MPC, 53 P.S. §11004. We shall treat it as having met those requirements.' " 21 Pa. Commonwealth Ct. 287, 290, 345 A.2d 306, 308 n.1 (1975).

before it and decided the case de novo on the merits, is limited to a determination as to whether or not that court committed an error of law or abused its discretion. *In Re: Appeal of the Emmanuel Baptist Church*, 26 Pa. Commonwealth Ct. 427, 364 A.2d 536 (1976).

The lower court here examined the nature of the properties surrounding the O'Malias' tract and found as a fact that "[t]he character of the property surrounding the subject premises is general commercial." Specifically, the property is located on Blackman Street, a major traffic artery, with the area located immediately to the rear being zoned as a heavy industrial district. The land on one side is zoned "B-4" for general business, and the present uses in this zone include a retail lumber yard, a skating rink, and a parking lot. The other side abuts the Wilkes-Barre city line. Directly across Blackman Street is another "B-4" zone in which a tavern, auto body shop, commercial store, and a radiator repair shop are located. On either side of this "B-4" zone are areas for two-family residences. On the basis of these findings, the lower court concluded that the present zoning creates an island composed exclusively of the O'Malias' property although no unique features would warrant it to be zoned differently from the surrounding area. Declaring this to be illegal spot zoning, the lower court determined that the property should be rezoned from "B-1" to "B-4."

Although a precise definition of illegal spot zoning has not yet been developed, our Supreme Court has adopted the Superior Court's language by describing it as "[a] singling out of one lot or a small area for different treatment from that accorded to similar surrounding land indistinguishable from it in character, for the economic benefit of the owner of that lot or to his economic detriment. . . ." *Mulac Appeal,* 418

Pa. 207, 210, 210 A.2d 275, 277 (1965); *Putney v. Abington Township,* 176 Pa. Superior Ct. 463, 474, 108 A.2d 134, 140 (1954). Certain factors, such as the topography, location, and characteristics of the land, may be considered in determining whether or not an area has been "spot zoned," but each case must be decided on its own facts. *Pollock v. Zoning Board of Adjustment,* 20 Pa. Commonwealth Ct. 641, 342 A.2d 815 (1975). Furthermore, the facts of the case must reveal that the zoning scheme is arbitrary and unreasonable, with no relation to the public health, safety, morals, and general welfare and no relation to the municipality's comprehensive plan. *Schubach v. Silver,* 461 Pa. 366, 336 A.2d 328 (1975).

We cannot agree with the Township that the lower court erred in concluding that the property in question is of the same character as the properties adjacent to it and that it is, therefore, illegally spot zoned. The Township has presented no evidence that the requested rezoning will interfere with comprehensive planning nor has it explained why "B-1" zoning, as opposed to "B-4" zoning, is necessary for the protection of the general welfare of the community. On the contrary, an examination of the Township's zoning map clearly substantiates the lower court's conclusion that the O'Malia tract is a small "B-1" zone among "B-4" zones.

The Township also argues that the lower court improperly utilized "hardship" principles usually applied only in variance cases and that the Township's refusal to rezone was reversed solely because the O'Malias had sustained economic losses caused by their inability to rent their building. Although it is true that one of the lower court's findings is that the O'Malias built a structure on their property at a cost of approximately $175,000.00, there is no other mention of economic considerations in the court's opin-

ion, and it seems clear to us that the lower court decided the case on the issue of spot zoning. We believe that it committed no error of law or abuse of discretion in reversing the Township's refusal to rezone the property here concerned.

We will, therefore, affirm the order of the lower court.

### ORDER

AND Now, this 12th day of October, 1978, the order of the Court of Common Pleas of Luzerne County is hereby affirmed.