## In Re: Appeal of Burton & Sandra Izes from the Falls Township Zoning Hearing Board. Township of Falls, Appellant.

Argued April 4, 1983, before Judges ROGERS, WIL-
LIAMS, JR. and BARBIERI, sitting as a panel of three.

*Samuel M. Snipes,* for appellant.

*Allen A. Pechter,* for appellees.

OPINION BY JUDGE BARBIERI, July 19, 1983:

The Township of Falls (Township) appeals here
from an order of the Court of Common Pleas of Bucks
County reversing a decision of the Falls Township
Zoning Hearing Board (Board) denying a validity
variance requested by Burton and Sandra Izes (Ap-
pellees). We reverse.

On December 11, 1979, Appellees purchased a 1.13
acre lot on the north side of Route 1 in an area of
the Township zoned LI-Light Industrial. The Town-
ship subsequently initiated an equity action[1] against

[1] This action was consolidated with two earlier actions brought
against the prior owner of the property in question and on April

Appellees to enjoin them from operating a used car business on this property, a use not permitted in LI zones, and in response Appellees filed a request for a validity variance with the Board pursuant to the provisions of Section 1004 of the Pennsylvania Municipalities Planning Code (MPC),[2] 51 P.S. §11004, alleging (1) that the Township's zoning ordinance and map was "irrational, arbitrary, and discriminatory in classifying the subject property LI-Light Industrial," (2) that the use of Route 1 as a boundary between the Township's LI zone and other zones located to the south of Route 1 was irrational, (3) that there was no rational distinction made between uses permitted on Appellees' property and uses permitted on other properties located in the Township's LI zone, and (4) that "[t]he restriction against [Appellees'] proposed use of the land, under the circumstances, constitutes a *de facto* establishment of a 'special' or 'spot' zone." Following two hearings on this application the Board issued a decision upholding the validity of its zoning ordinance. Upon a further appeal, however, the court of common pleas reversed concluding that since there were other nonconforming uses located in the Township's LI district, and since commercial uses were permitted in zoning districts located on the south side of Route 1, the failure to permit a commercial use on Appellees' property constituted "a classic case of spot zoning." The Township subsequently filed a Notice of Appeal to this Court, and in response the Appellees filed a Motion

---

7, 1981 an injunction was issued. An appeal from this order was then taken to this Court at 888 C.D. 1981, and an order was issued remanding the case back to the court of common pleas for disposition of all outstanding exceptions and entry of a final judgment. That action is still pending before the court of common pleas.

[2] Act of June 1, 1972, P.L. 333, *as amended*, 53 P.S. §11004.

to Quash. Both the Township's appeal and the Appellees' Motion to Quash are currently before us.

Before this Court, Appellees initially allege that the Township's appeal should be quashed since the Township was not a party to the proceedings below. We disagree.

In *Gilbert v. Montgomery Township Zoning Hearing Board*, 58 Pa. Commonwealth Ct. 296, 427 A.2d 776 (1981), we rejected an argument, advanced by a municipality, that Section 908(3) of the MPC, 53 P.S. §10908(3), automatically makes municipalities parties to zoning appeals brought from the decisions of zoning hearing boards. Instead, we concluded that municipalities, like individuals, must formally intervene in such actions if they wished to obtain standing to bring any further appeals. We also held, however, that

> because our holding has not been clearly foreshadowed by the case law, which might arguably be read to the contrary, we will apply this holding only prospectively. Accordingly, this holding shall be applicable only to cases arising out of zoning board decisions . . . issued thirty or more days after the filing date of this opinion, so that it will be available for the guidance of municipalities at the initial point of their consideration of intervention in courts of common pleas. (Citations and footnote omitted.)

*Id.* at 301-02, 427 A.2d at 779-80. In the case *sub judice*, the decision of the Board was issued on February 5, 1981, well before the April 7, 1981 filing date of *Gilbert,* and since *Gilbert* is controlling here, Appellees' Motion to Quash must be denied.

Turning to the merits of this appeal, the Township alleges that the court of common pleas erred as

a matter of law by concluding that the Township's zoning ordinance impermissibly excluded commercial uses from Appellees' land. We agree.

"When considering the constitutionality of an ordinance, a court must begin with the premise that the ordinance is valid and constitutional[,]" *Hebeisen v. Zoning Board of Adjustment,* 2 Pa. Commonwealth Ct. 331, 334, 277 A.2d 832, 833 (1971), and "before a court may declare a zoning ordinance unconstitutional, the challenging party must clearly establish the provisions are arbitrary and unreasonable and have no relation to the public health, safety, morals, and general welfare and if the validity is debatable the legislative judgment is allowed to control." *Schubach v. Silver,* 461 Pa. 366, 381, 336 A.2d 328, 335 (1975).

Generally, courts will not sustain challenges brought to the location of zoning boundaries since the location of such boundaries is largely a matter within the legislative discretion of the municipalities. *Tidewater Oil Co. v. Poore,* 395 Pa. 89, 149 A.2d 636 (1959); R. RYAN, Ryan on Zoning, §3.4.7. Our courts have recognized, however, that a municipality may act outside the scope of its general police powers where it creates a "special" or "spot" zone to permit a use which is not permitted on similarly situated surrounding properties. *Schubach v. Zoning Board of Adjustment,* 440 Pa. 249, 270 A.2d 397 (1970); *Montgomery Township Appeal,* 51 Pa. Commonwealth Ct. 627, 415 A.2d 134 (1980). The creation of such "spot" zones would be contrary to the legislative intention in authorizing comprehensive zoning which has been described as "reasonable uniformity within districts having in fact the same general characteristics and not the marking off, for peculiar uses or restrictions

of small districts essentially similar to the general area in which they are situated." *Putney v. Abington Township,* 176 Pa. Superior Ct. 463, 474, 108 A.2d 134, 140 (1954).

In the present case, it is clear that the concept of "spot" zoning has no applicability since (1) the LI zoning classification applicable to Appellees' property is equally applicable to all surrounding properties located north of Route 1 and (2) it is the Appellees, and not the Township, who seek to have their property zoned differently than surrounding properties. Nonetheless, Appellees argue in their brief to this Court that the court of common pleas properly concluded that the ordinance was invalid since (1) commercial uses were permitted in zoning districts located south of Route 1 and (2) other nonconforming commercial uses existed in the LI zone.

With respect to Appellees' first allegation, both the Pennsylvania Supreme Court and this Court have rejected the notion that a zoning ordinance is invalid simply because it permits a particular use on one side of the street, but prohibits it on the other side. *See DiSanto v. Zoning Board of Adjustment,* 410 Pa. 331, 189 A.2d 135 (1963); *Guentter v. Borough of Lansdale,* 21 Pa. Commonwealth Ct. 287, 345 A.2d 306 (1975). As our Supreme Court noted in *DiSanto* "[t]he line of demarcation must be fixed somewhere[,]" *id.* at 335, 189 A.2d at 137, and "[such judgments] rise from the pool of legislative responsibility and not from the mirror of judicial deliberation." *Tidewater Oil Co.,* 395 Pa. at 98, 149 A.2d at 641. Here, the record clearly shows that there were arguably valid reasons for placing the zoning demarcation line along Route 1, including the fact that the north side of Route 1 is serviced by a railroad, and we see no reason why the Township's judgment in this

matter should be declared invalid simply because Appellees' property borders on the zoning demarcation line. What we stated in *Guentter,* when faced with a similar argument, is equally applicable here:

> If we were to hold that the zoning of appellants' strip as residential is arbitrary and unconstitutional merely because it is different from the zoning across the street, the same arguments should prevail in favor of landowners immediately adjacent to the subject strip on the east side and so on ad infinitum.

*Id.* at 293, 345 A.2d at 310.

Similarly, we find no merit in Appellees' contention that the zoning ordinance is invalid because certain commercial nonconforming uses are located in the Township's LI zone. Our decision in this regard is controlled by our Supreme Court's decision in *Mulac Appeal,* 418 Pa. 207, 210 A.2d 275 (1965), where the court rejected the same argument being advanced by the Appellees here. In so doing, the Supreme Court stated the following:

> Appellees' argument that the re-zoning was proper because the parcel is situated in an area of mixed commercial and residential uses is not persuasive. The area in which the subject premises is located is *zoned* residential. It is true that, within the confines of this large residential zone, certain commercial uses exist. All such commercial establishments exist, however, as non-conforming uses and should such uses cease, the properties could be utilized only for residential purposes. The amendatory ordinance creates a commercially zoned island in a residentially zoned sea and, unless a proper basis appears for such special treatment, can-

not. be sustained. (Citation omitted.) (Emphasis in original.)
*Id.* at 211, 210 A. 2d at 277.

Accordingly, we believe that the decision of the court of common pleas must be reversed.

### ORDER

Now, July 19, 1983, the Motion to Quash filed by Burton and Sandra Izes on May 3, 1982 is denied, and the order of the Court of Common Pleas of Bucks County docketed at No. 81-02044 and dated March 26, 1982 is reversed.